UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ROBERT C. CAMPBELL, | |
| Petitioner, | Civil Action No. 11-403-KSF |
| v. | |
| DEBORAH A. HICKEY, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Robert C. Campbell is a prisoner incarcerated at the Federal Medical Center in Lexington, Kentucky. Campbell, proceeding without counsel, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] Having reviewed the petition[1], the Court will deny relief because Campbell's claim is not cognizable in a habeas proceeding under Section 2241.

On July 22, 1998, Campbell was convicted of possession and conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. On September 25, 1998, he was sentenced to a 324-month term of incarceration to be followed by a five-year term of supervised release. *United States v. Campbell*, No. 95-cr-81192 (E.D. Mich. 1998). Campbell's conviction and sentence were affirmed on direct appeal. *United States v. Campbell*, 2000 WL 1597858 (6th Cir.

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Oct. 19, 2000).

On January 6, 2003, the trial court denied Campbell's motion for relief under 28 U.S.C. § 2255. Five years later, on May 27, 2008, Campbell filed a motion for relief from that order under Fed. R. Civ. P. 60, arguing that he had recently discovered that the FBI had failed to disclose the existence of a wiretap during his trial in violation of *Brady v. Maryland*, 123 U.S. 456 (1980). The trial court transferred his motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for consideration as a second or successive motion to vacate. On March 12, 2010, the Sixth Circuit denied his request, noting that the government had disclosed the existence of the wiretap during a 1996 bond hearing for his two co-defendants, and had expressly stated in its trial brief that several wiretaps had been made during its surveillance of Campbell's activities. *In re: Campbell*, No. 09-1478 (6th Cir. 2010).

In his current petition, Campbell reasserts his *Brady* claim, and contends that the Sixth Circuit erred in its resolution of it. [R. 1-1 at 3-4] However, Campbell may not pursue his *Brady* claim in a habeas petition under Section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). He may file such a challenge under Section 2241 only if he fits within the narrow exception found in Section 2255(e). To do so, he must demonstrate that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004)

(unpublished disposition); *Hernandez-Escarsega v. Morris*, 43 F. App'x. 181, 184 (10th Cir. 2010) ("[T]he core idea is that the Petitioner may have been imprisoned for conduct that was not prohibited by law"). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Campbell's challenge to his conviction under *Brady* must be pursued under Section 2255. Relief under Section 2241 does not become available merely because he has previously sought relief under Section 2255 without success. *Martin*, 319 F.3d at 803 ("the Section 2255 remedy is not considered inadequate or ineffective simply because Section 2255 relief has already been denied ... or because the petitioner is procedurally barred from pursuing relief under Section 2255."). Because Campbell's claims, even if meritorious, do not indicate that he was convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998); .

Accordingly, **IT IS ORDERED** that:

1. Campbell's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

This the 6th day of January, 2012.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**